# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

v.                                         Case No. 10-CR-176

**MERVYN RUTLEY**
        **Defendant.**

## DECISION AND ORDER

On February 8, 2011, a jury convicted defendant Mervyn Rutley of bank fraud, wire fraud, and aggravated identity theft. On May 6, 2011, I sentenced him to a total of 72 months in prison and five years' supervised release. As conditions of supervision, he was directed, <u>inter alia</u>, not to participate in any form of gambling or patronize any gambling facilities; not to open new lines of credit without the prior approval of the supervising probation officer; and to provide access to all financial information requested by the probation officer. On June 1, 2011, I issued an amended judgment pursuant to 18 U.S.C. § 3664 setting restitution at $205,247.76. Defendant filed a notice of appeal, but the Seventh Circuit dismissed the appeal as frivolous. <u>United States v. Rutley</u>, 482 Fed. Appx. 175 (7th Cir. 2012).

Released from prison on January 8, 2016,[1] on December 30, 2016, defendant filed a motion for early termination of his supervised release. The government responded in opposition, and I permitted defendant to reply. I now deny the motion.

---

[1] It appears that defendant was released to a federal halfway house on January 9, 2015, and commenced supervised release on January 8, 2016.

**I.**

The district court may grant early termination if: (1) the defendant has completed at least one year of supervision; (2) the government has been given notice and an opportunity to be heard; and (3) the court finds that termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). E.g., United States v. Malone, No. 09-CR-248, 2016 BL 414054, at *1 (E.D. Wis. Dec. 12, 2016) (citing 18 U.S.C. § 3583(e)). The first two criteria are met in the present case; the issue is whether termination would be in the interest of justice.

"[T]he district court has wide discretion in determining whether to terminate an individual's term of supervised release." United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). The court must consider the applicable § 3553(a) factors, although it need not make explicit findings as to each one. United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011). In considering the defendant's conduct on supervision, courts have generally required more than mere compliance before granting early termination. E.g., Folks v. United States, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). Courts have instead tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision term. Malone, 2016 BL 414054, at *1 (collecting cases). The defendant bears the burden of demonstrating that early termination is warranted. Id.

**II.**

In his motion, defendant indicates that since his release he has enrolled in college,

2

maintained a stable residence and employment, attended church, and complied with the conditions set by the court. He attaches to his motion various letters of support.

In its response, the government indicates that, based on contact with the probation office, there have been concerns with defendant's conduct, including the opening of new lines of credit and acquiring a Potawatomi casino player's card. The government also contends that defendant should be kept on supervision to facilitate the payment of restitution; according to the government, defendant has paid just $828.45 towards the $205,247.76 balance. In reply, defendant indicates that he has paid somewhat more than that; that he has closed two previous lines of credit and no new lines have been opened without the awareness of the probation office; and that, with his educational pursuits, employment, and internship requirements he has little time for leisure activities. He concludes that the stress and complications of probation detract from his ability to focus on continued success.

**III.**

While defendant is to be commended for his education, employment, and community involvement, as well as his overall compliance, the court expects those on supervision to follow the rules, work or attend school, and attend to their responsibilities. E.g., United States v. Witzlib, No. 13-CR-99, 2016 BL 159146, at *3 (E.D. Wis. May 18, 2016) (collecting cases). Defendant fails to show that his conduct has been unusual or extraordinary. While the requirements of supervision no doubt require some time and attention, defendant also fails to show that supervision materially interferes with his rehabilitation. Nor does he show that supervision unreasonably interferes with travel to, for instance, visit family or attend church services.

The pertinent § 3553(a) factors also support continued supervision. The fraud scheme

3

involved in this case went on over a period of many years and involved identity theft, unauthorized transfers from the bank accounts of others, and the continued receipt of veteran's benefits awarded to defendant's deceased father. 18 U.S.C. § 3553(a)(1). Defendant has a prior record for this type of activity – including offenses involving theft, fraud, and deception – dating back to the mid-1980s, and he was on probation during part of the time he committed the instant offense. 18 U.S.C. § 3553(a)(1). Continued supervision is necessary to protect the public and deter. 18 U.S.C. § 3553(a)(2)(B) & (C). It is also necessary to ensure that defendant's correctional treatment needs, including any issues with gambling, can be addressed. 18 U.S.C. § 3553(a)(2)(D). Finally, continued supervision is necessary to ensure that he pays restitution. 18 U.S.C. § 3553(a)(7).

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 79) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of February, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge